UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRIZEL WILLIAMS, JR.,<br><br>        Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>        Defendant. | Case No. CV 15-5212 JC<br><br>MEMORANDUM OPINION AND ORDER OF REMAND |

## I. SUMMARY

On July 10, 2015, Frizel Williams, Jr. ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; July 14, 2015 Case Management Order ¶ 5.

///
///

1

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On April 18, 2012, plaintiff filed an application for Supplemental Security Income alleging disability on August 14, 2004, due to back pain, shoulder pain, arm pain, and leg and knee problems. (Administrative Record ("AR") 25, 172, 192). The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on December 3, 2013. (AR 37-60).

On January 23, 2014, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 25-32). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: low back pain without radiculopathy and chronic obstructive pulmonary disease (COPD) (AR 27); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 27); (3) plaintiff retained the residual functional capacity to perform sedentary work (20 C.F.R. § 416.967(a)) with additional limitations[1] (AR 28); (4) plaintiff could not perform any past relevant work (AR 30); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically sorter, inspector, and assembler

///

---

[1]The ALJ determined that plaintiff: (i) could lift and carry objects that weigh up to ten pounds occasionally and less than ten pounds frequently; (ii) could stand and walk for up to four of eight hours, cumulatively; (iii) could sit for no more than six of eight hours, cumulatively; (iv) required a sit/stand option at least 30 minutes at a time; (v) had unlimited capacity for pushing or pulling, except weight restrictions for lifting and carrying; (vi) could no more than occasionally climb ramps or stairs, balance, stoop, kneel, or crouch; (vii) could never crawl, kneel, or climb ladders or ropes; and (viii) could not tolerate concentrated exposure to poor ventilation, fumes, dangerous machines or unprotected heights. (AR 28).

(AR 31); and (6) plaintiff's allegations regarding the intensity, persistence, and limiting effects of subjective symptoms were not entirely credible (AR 28).

The Appeals Council denied plaintiff's application for review. (AR 1).

## III.	APPLICABLE LEGAL STANDARDS

### A.	Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is required to use the following five-step sequential evaluation process:

(1)	Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2)	Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3)	Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

///
///

  (4) Does the claimant possess the residual functional capacity to perform claimant's past relevant work?  If so, the claimant is not disabled.  If not, proceed to step five.

  (5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

  The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  See Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

  **B.** **Standard of Review**

  Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

  Federal courts may review only the reasoning in the administrative decision itself, and may affirm a denial of benefits only for those reasons upon which the ALJ actually relied.  Garrison v. Colvin, 759 F.3d 995, 1010 (9th Cir. 2014)

1  (citation omitted); see also Molina, 674 F.3d at 1121 (citing Securities and
2  Exchange Commission v. Chenery Corp., 332 U.S. 194, 196 (1947)) ("[courts]
3  may not uphold an agency's decision on a ground not actually relied on by the
4  agency"). Even when an ALJ's decision contains error, it must still be affirmed if
5  the error was harmless. Treichler v. Commissioner of Social Security
6  Administration, 775 F.3d 1090, 1099 (9th Cir. 2014).

## IV. DISCUSSION

Plaintiff asserts that the ALJ erred at step five in finding that plaintiff could perform the representative occupations of sorter, inspector, and assembler (collectively "representative occupations") based on testimony from the vocational expert which, without explanation, deviated from the Dictionary of Occupational Titles ("DOT"). (Plaintiff's Motion at 4-10). As the Court cannot find that the ALJ's decision is supported by substantial evidence or that any error was harmless, a remand is warranted.

First, there is an apparent conflict between the vocational expert's testimony and the DOT's requirements for the representative occupations. In response to a hypothetical question posed by the ALJ at the hearing, the vocational expert opined that a hypothetical individual like plaintiff[2] would be able to perform any of the three representative occupations. (AR 56-57). According to the DOT, however, each of the representative occupations are at the sedentary exertional level, and thus could require, among other things, "sitting most of the time" and walking or standing for only "brief periods of time." See DOT §§ 521.687-086 ["Nut Sorter"], 669.687-014 ["Dowel Inspector"], 706.684-030 ["Atomizer

---

[2]It is unclear whether the hypothetical question the ALJ posed at the hearing – which stated, in part, that "every 30 minutes [the hypothetical claimant needed] to [sic] free to reposition himself to relief [sic] discomfort although would not have to leave the work station" – adequately accounted for the ALJ's finding in the administrative decision that plaintiff "requires a sit/stand option at least 30 minutes at a time[.]" (Compare AR 56 [hypothetical question at hearing] with AR 28 [residual functional capacity in ALJ's decision]).

Assembler"]; see also 20 C.F.R. § 416.967(a) ("Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties."); Social Security Ruling ("SSR") 83-10 at *5 (noting, in part, that sedentary work is "performed primarily in a seated position"). Such requirements appear to be inconsistent with plaintiff's need for "a sit/stand option at least 30 minutes at a time" as the ALJ stated in the administrative decision. (AR 28). The vocational expert affirmed that his opinion was "consistent with the [DOT]" and "[was not] modified at all by [the expert's] own experience[.]" (AR 59). Nonetheless, the DOT is silent regarding sit/stand options. See Buckner-Larkin v. Astrue, 450 Fed. Appx. 626, 628 (9th Cir. 2011) (noting "the DOT does not discuss a sit-stand option. . . .").

While district courts in this Circuit are split on the issue,[3] unpublished Ninth Circuit cases suggest that there is an apparent conflict between the DOT and vocational expert testimony where, like here, the vocational expert testifies that there are jobs available at the light or sedentary exertional level for a claimant who needs a sit-stand option. See, e.g., id. at 628-29 (noting conflict between DOT and vocational expert's testimony that representative sedentary jobs "would allow for an at-will sit-stand option"); Coleman v. Astrue, 423 Fed. Appx. 754, 756 (9th Cir. 2011) (finding apparent conflict between DOT and vocational expert testimony that claimant could perform certain sedentary and light occupations, many of which "could not accommodate [a claimant's] need to switch between sitting, standing, and walking on an hourly basis") (citations omitted). This Court is persuaded that there is an apparent conflict between the DOT requirements for jobs at the sedentary exertional level and vocational expert testimony that such

---

[3]See, e.g., Wester v. Colvin, 2015 WL 4608139, *5 (C.D. Cal. July 31, 2015) (noting "District courts in the Ninth Circuit are divided on whether a conflict exists for limitations not addressed by the DOT, including sit/stand options.") (citing cases); King v. Colvin, 2016 WL 1255592, *5 (D. Idaho Mar. 28, 2016) (same; citing cases).

jobs can still be performed by a claimant who requires a sit-stand option at 30 minute intervals.  See, e.g., McCullough v. Colvin, 2016 WL 1239209, *3 (C.D. Cal. Mar. 29, 2016) (finding sit-stand limitation "inconsistent with [] DOT"); Clark v. Colvin, 2015 WL 5601406, *5 (E.D. Cal. Sept. 22, 2015) (noting, in part, the weight of authority in Circuit (holds) absence from the DOT of limitation on need to be able to switch between sitting and standing or walking frequently "creates an 'apparent unresolved conflict" within the meaning of SSR 00-4p.) (citations omitted); Cato v. Colvin, 2015 WL 1481646, *8 (N.D. Cal. Mar. 31, 2015) (noting conflict between vocational expert testimony and DOT where claimant required, but "DOT does not explicitly provide for," a sit-stand option); Lorigo v. Colvin, 2014 WL 1577317, *11 (E.D. Cal. Apr. 18, 2014) (since "the DOT does not discuss the availability of a sit/stand option," and vocational expert expressly relied on the DOT, vocational expert's testimony that available jobs would allow for a sit-stand option "automatically deviated from the DOT") (citing Buckner-Larkin, 450 Fed. Appx. at 628-29).

Second, since neither the vocational expert nor the ALJ acknowledged that there was an apparent conflict between the vocational expert's testimony and the DOT's requirements for the representative occupations, neither made any attempt to explain or justify the deviation with respect to such occupations.  (AR 31, 55-59).  Accordingly, the vocational expert's testimony, which the ALJ adopted, could not serve as substantial evidence supporting the ALJ's determination at step five that plaintiff could perform the representative jobs.  Pinto v. Massanari, 249 F.3d 840, 846 (9th Cir. 2001); see also Rawlings v. Astrue, 318 Fed. Appx. 593, 595 (9th Cir. 2009) ("Only after determining whether the vocational expert has deviated from the [DOT] and whether any deviation is reasonable can an ALJ properly rely on the vocational expert's testimony as substantial evidence to support a disability determination.") (citing Massachi v. Astrue, 486 F.3d 1149, 1153-54 (9th Cir. 2007)); see, e.g., Wester v. Colvin, 2015 WL 4608139, *5 (C.D.

7

Cal. July 31, 2015) ("[W]ere a [vocational expert] to testify that a claimant requiring an at-will sit/stand option could perform jobs demanding six hours of standing without explicitly addressing whether those jobs would accommodate her at-will sit/stand requirement, that testimony might be inadequate to satisfy the Commissioner's burden, particularly if the jobs at issue were unskilled work.") (citing SSR 83-12 (recognizing that although certain jobs permit an employee some choice regarding sitting and standing, "[u]nskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will")); cf., e.g., Buckner-Larkin, 450 Fed. Appx. at 628-29 (conflict between DOT and vocational expert testimony adequately addressed where vocational expert reasonably explained that deviation "was based on his own labor market surveys, experience, and research" and ALJ addressed the explanation in the decision).

     As defendant correctly notes (Defendant's Motion at 5), as a general proposition no foundation is required for a vocational expert's testimony other than the vocational expert's "recognized expertise" itself. See Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005). Here, however, the vocational expert expressly affirmed that his opinion was "[not] modified at all by [his] own experience." (AR 59). Since the vocational expert's opinion was based solely on the DOT (AR 57-59), the failure to address the apparent conflict was erroneous. See, e.g., Lorigo, 2014 WL 1577317, at *12 (ALJ erred by relying on vocational expert testimony regarding jobs available that claimant could perform because "the [vocational expert's] testimony that encapsulated a sit/stand option automatically deviated from the DOT," the vocational expert "did not specifically cite to or note that her opinion was based on anything other than the DOT in determining that [representative] occupations were performable in light of a sit/stand option," and the vocational expert "did not include in her testimony any explanation of how she arrived at or reduced available job numbers to account for the necessary sit/stand option").

Finally, the Court cannot find that the ALJ's error was harmless since defendant points to no persuasive evidence in the record which supports the vocational expert's apparent deviation from the DOT or could otherwise support the ALJ's non-disability determination at Step Five. Cf. Tommasetti v. Astrue, 533 F.3d 1035, 1042 (9th Cir. 2008) (ALJ erred in finding that claimant could return to past relevant work based on vocational expert's testimony that deviated from DOT because ALJ "did not identify what aspect of the [vocational expert's] experience warranted deviation from the DOT, and did not point to any evidence in the record other than the [vocational expert's] sparse testimony" to support the deviation, but error was harmless in light of ALJ's alternative finding at step five, which was supported by substantial evidence, that claimant could still perform other work in the national and local economies that existed in significant numbers).

## V. CONCLUSION[4]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[5]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 26, 2016                                    /s/

Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[4]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[5]When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, "additional proceedings can remedy defects in the original administrative proceeding. . . ." Garrison v. Colvin, 759 F.3d 995, 1019 (9th Cir. 2014) (citation and internal quotation marks omitted).